MYERS, J.,
for the court.
¶ 1. Jane Hatfield sued Don and Betty Green in the Chancery Court of Prentiss County, seeking a dissolution of an alleged partnership and an accounting of the alleged partnership. At the end of the Greens’ case in chief, the chancellor granted the Greens’ motion for a directed verdict, finding that no partnership existed between Hatfield and the Greens. Hatfield appeals the verdict, raising as her sole issue whether a partnership existed between herself and the Greens.
Facts
¶ 2. In January 1998, the Greens bought a one-half interest in K’s Keepsake Kor-ner, a floral and gift business in Boone-ville, Mississippi from Kay Nunley Dawson. This resulted in Dawson and the Greens entering into a partnership agreement. Sometime in late 1998, Hatfield began to work for K’s Keepsake Korner, but was not paid for the work. Apparently, this arrangement was Hatfield’s idea so as to sidestep Social Security regulations concerning disability payments she received.
¶ 3. In December 1998 or January 1999, Hatfield states she was approached by Mrs. Green to become a third partner in the business. They discussed this with Dawson, who stated she would prefer to simply be “bought out” of the partnership. Dawson and Hatfield later had a telephonic conversation in which Dawson told Hat *761 field that her interest in the business was worth $5,000. Hatfield paid Dawson this money the next day, reportedly in the presence of the Greens.
¶4. During the next month, Hatfield allegedly made several capital investments in the business, which was renamed Booneville Flowers and Gifts. These investments included purchasing insurance for the business and purchasing a sign. Additionally, Hatfield brought many floral supplies from a personal supply she had at her home.
¶ 5. Shortly after Valentine’s Day, 1999, tension arose between Hatfield and the Greens. This tension became so severe that Hatfield eventually felt that she had been ousted from the business. On the advice of her attorney, she returned to the business one time with a police escort to retrieve the supplies she had brought from her home.
¶ 6. On March 1,1999, the Greens filed a complaint in the Circuit Court of Prentiss County seeking a writ of replevin to be issued for various supplies allegedly taken from Booneville Flowers and Gifts. On March 29, 1999, Hatfield filed a petition in the Chancery Court of Prentiss County for dissolution of the partnership and an accounting. On May 10, 1999, the circuit court transferred the replevin action to the chancery court to be decided along with the dissolution and accounting action. After the trial, the chancellor issued his written opinion and judgment, finding that no partnership existed between Hatfield and the Greens. The chancellor did grant Hatfield equitable relief, but this was offset by the Greens’ claims, leaving a judgment against Hatfield for $8,613.57 plus interest.
Legal Analysis
¶ 7. Hatfield argues that the chancellor misapplied the partnership laws of the state. Therefore, we will review the chancellor’s application of the law de novo. White v. Usry, 800 So.2d 125, 128(¶9) (Miss.Ct.App.2001) (citing Zeman v. Stanford, 789 So.2d 798, 802(¶12) (Miss.Ct.App.2001)).
¶ 8. In his opinion, the chancellor found “there was never any written agreement between Mrs. Hatfield and the Greens to reflect the formation of a partnership.” While a written agreement would remove any doubt about the existence of a partnership, it is not the only way a partnership may arise. See Miss. Code Ann. § 79-12-31 (Rev.2001). The Mississippi Supreme Court recognized that absent an express agreement, the chief criterion in determining the existence of a partnership is the parties’ intent. Allied Steel Corp. v. Cooper, 607 So.2d 113, 117 (Miss.1992) (citing Hults v. Tillman, 480 So.2d 1134, 1143 (Miss.1985)). This intent may be inferred from the parties’ actions and conduct. Id.
¶ 9. Although Hatfield contested the chancellor’s application of the law, interpreting a party’s intent placed the chancellor in the position of finder of fact. As such, the standard of review now changes. Since the chancellor heard the testimony and was in a better position than we to judge the weight and worth to give it, we will uphold the chancellor’s decision as long as it is supported by substantial evidence in the record. Hinders v. Hinders, 828 So.2d 1235, 1244(¶28) (Miss.2002).
¶ 10. Conflicting evidence was presented on what was the parties’ intent. One of the few things that was uncontested was that Mrs. Green had expressed interest in forming a new partnership between herself, Hatfield, and Dawson. Dawson was not interested in this new partnership, but was interested in having Hatfield “buy” her interest in the business. All negotiations and payments were strict *762 ly between Hatfield and Dawson. Never did the Greens manifest the intent which § 79-12-11 requires.
¶ 11. Hatfield testified she did several things for the partnership at the Greens’ request. Among these were opening a new bank account, purchasing a sign, and insuring the business. The Greens deny they ever requested these actions. As we previously stated, the chancellor was in the best position to determine the veracity of the witnesses. There is sufficient evidence in the record to support his decision. Therefore, we must affirm.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF PRENTISS COUNTY IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.